Charles B. WATERS, Appellant, v. Claude J. HOLSLAG, Appellee. (Court of Appeals of the District of Columbia. Submitted November 11, 1924. Decided December 1, 1924.) No. 1669. E. C. Brown, of Washington, D. C., for appellant. C. L. Sturtevant and E. G. Mason, both of Washington, D. C., for appellee.

PER CURIAM. This appeal is from the decision of the Commissioner of Patents, awarding priority of invention to appellee, Holslag, for an apparatus and method of arc welding with alternating current. The case turns entirely upon questions of fact. The record consists of about 1,850 printed pages. The three tribunals of the Patent Office, in most elaborate opinions, have concurred in awarding priority to Holslag. After a careful examination of the evidence, and review of the analysis thereof in the opinions of the tribunals below, we are convinced that a proper conclusion has been reached. The decision of the Commissioner of Patents is therefore affirmed.

2

BAYER CO. v. AMERICAN SHIPBUILDING CO. et al. (Circuit Court of Appeals, Sixth Circuit. December 2, 1924.) No. 4082. Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge. Chas. E. Brock and Hull, Brock & West, all of Cleveland, Ohio, for appellant. Kelley, David & Cottrell, of Cleveland, Ohio, for American Shipbuilding Co. Fay, Oberlin & Fay, Jesse B. Fay, and Horace B. Fay, all of Cleveland, Ohio, for Douglas Brews. Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. The defendant Shipbuilding Company had a written license from the defendant patentee to use the invention for a specified purpose. It proceeded to use the invention for a purpose which might or might not be within its license, according to the true construction. It notified the patentee, who approved, and accepted royalty thereon. While this course of business was continuing, the plaintiff took an exclusive license under the same patent, but expressly subject to the defendant's existing rights. Plaintiff did not know the extent of these rights, except as shown by the written license, and at that time made no inquiry. Some months later it did inquire from the patentee and from the defendant whether defendant had any other rights under the patent, and both replied in the negative. Claiming that defendant company's continued use in the broader sense was not within its written license, properly construed, the plaintiff brought this infringement suit, and joined the patentee as defendant. Defendant company's rights, as against the patentee, to continue the use in question, cannot be doubted. It is not important whether their mutual conduct was a construction of their ambiguous contract, or whether it was the granting of a further and oral license. Plaintiff's license was expressly subject to the defendant company's rights, whatever they were. The answers which both defendants made to the plaintiff's inquiries could not change the actual situation, unless on the theory of an estoppel; and plainly there could be no estoppel by answer to plaintiff's question, when plaintiff's only action in the matter had been finished before it made the inquiry. The decree of the court below, dismissing the bill, is affirmed.

3

Pliney BLACKKETTER, Plaintiff in Error, v. UNITED STATES of America. (Circuit Court of Appeals, Eighth Circuit. May 1, 1924.) No. 6663. In Error to the District Court of the United States for the District of Minnesota. D. A. McVeety, of Minneapolis, Minn., for plaintiff in error. Lafayette French, Jr., U. S. Attorney, of St. Paul, Minn.

PER CURIAM. Writ of error docketed and dismissed, without costs to either party in this court, on motion of defendant in error, under rule 16.

4

Tom D. BOYDSTON, as Trustee, etc., et al., Appellants, v. CONTINENTAL & COMMERCIAL TRUST & SAVINGS BANK et al. (Circuit Court of Appeals, Eighth Circuit. May 8, 1924.) No. 6554. Appeal from the District Court of the United States for the Western District of Oklahoma. See, also, 298 F. 31. George S. Ramsey, of Muskogee, Okl., and Edgar A. De Meules, and Harry Fair, both of Tulsa, Okl., for appellants. Henry Russell Platt, of Chicago, Ill., J. F. Sharp, of Oklahoma City, Okl., Charles L. Powell, of Chicago, Ill., Gibson & Hull, of Muskogee, Okl., and Bryan, Williams & Cave, of St. Louis, Mo., for appellees.

PER CURIAM. Appeal dismissed, at costs of appellants, on motion of appellants, etc.

5

BRADLEY LEAD & ZINC CO., Appellant, v. J. S. MULLEN et al. (Circuit Court of Appeals, Eighth Circuit. March 13, 1924.) No. 6621. Appeal from the District Court of the United States for the Western District of Missouri. Hiram Bradley, for appellant. George V. Farris, of Joplin, Mo., for appellees.

PER CURIAM. Appeal docketed and dismissed, with costs, per stipulation of parties.

6

BROKERAGE TRANSFER CO., Inc., Plaintiff in Error (defendant below), v. MARYLAND DREDGING & CONTRACTING CO., Defendant in Error (plaintiff below). (Circuit Court of Appeals, Second Circuit. November 17, 1924.) No. 95. In Error to the District Court of the United States for the Southern District of New York. Davis, Wagner, Heater & Holton, of New York City (A. L. Davis, of New York City, of counsel), for plaintiff in error. S. Selig, of New York City, for defendant in error. Before HOUGH and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

PER CURIAM. Judgment affirmed, with costs.